SCOTT & WILLIAMS v. HEMPHILL MFG. CO.

(Circuit Court of Appeals, First Circuit. February 18, 1920.)

No. 1379.

PATENTS ⬥328—FOR IMPROVEMENT IN KNITTING MACHINE HELD INVALID, AND NOT INFRINGED, IF VALID.

Claims 20–32, inclusive, of the Wardwell patent, No. 649,021, for improvements in knitting machines, *held* invalid for want of invention, and not infringed, if valid, and claim 36 invalid for anticipation.

Appeal from the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

Suit by Scott & Williams, Incorporated, against the Hemphill Manufacturing Company. From a decree dismissing the bill (247 Fed. 540), plaintiff appeals. Affirmed.

Hubert Howson, of New York City, and Frederick P. Fish, of Boston, Mass. (Howson & Howson, of New York City, on the brief), for appellant.

Frederick L. Emery, of Boston, Mass. (James H. Thurston, of Providence, R. I., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from a decree of the District Court for Rhode Island in an equity suit charging infringement of letters patent No. 649,021, issued to C. J. A. Wardwell May 8, 1900, for improvements in knitting machines, and now owned by the plaintiff. The defenses are anticipation, noninvention, noninfringement, and laches.

There are five claims in issue. They all relate to certain mechanism in knitting machines, whereby the variations in the knitting of a stocking are automatically produced, and more particularly to alleged improvements in old mechanism for producing these variations automatically; they do. not provide automatic action for effecting these changes for the first time.

Claim 29, which is typical of claims 29 to 32, inclusive, is as follows:

"29. A knitting machine organized so as to knit in circular and reciprocating courses and to produce stockings having seamless heels and toes, said machine having, in combination, a time shaft which moves from time to time and by intervening mechanism controls the variations in the knitting, said time shaft being given from time to time an intermittent step by step motion and a movement through a greater extent than that of its usual steps, and automatic means controlled by a pattern mechanism for moving said time shaft, substantially as set forth."

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the court below the bill was dismissed. It was there pointed out that claims 29 to 32 embodied an old mechanical motion as their special feature, and it was held (1) that if Wardwell was the first to use this old mechanical motion in machines for the automatic knitting of stockings, its introduction did not involve invention, but related to a mechanical detail of construction; and (2) if its introduction involved invention and rendered the claims valid, they must be limited to the structure disclosed; that, thus limited, the comparison upon the question of infringement would be, not of movements produced, but of means whereby the plaintiff and defendant in their respective machines produced the movements; and that, when so compared, the defendant did not infringe these claims.

Claim 36 reads as follows:

"36. A knitting machine having, in combination, a time shaft; a ratchet loose on said shaft; a chain wheel movable with said ratchet; a pattern chain engaging said chain wheel; a ratchet wheel fast to the time shaft; a pawl engaging said loose ratchet wheel to impart a step by step movement to said pattern chain; a pawl engaging said fast ratchet to give a step by step movement to the time shaft; a lifter engaging said fast ratchet pawl to normally hold it out of co-operation with said fast ratchet, and adapted to drop when a variation in the pattern chain co-operates therewith, thereby permitting said pawl to engage its fast ratchet wheel, substantially as set forth."

This claim omits the long movement of claims 29 to 32. In the opinion of the court below it is pointed out that the special feature of the combination of this claim is "a lifter engaging said fast ratchet pawl to normally hold it out of co-operation with said fast ratchet, and adapted to drop when a variation in the pattern chain co-operates therewith, thereby permitting said pawl to engage its fast ratchet wheel," and, after showing that the prior art discloses machines embodying means to perform the same function and in substantially the same way, it was held that this claim also related rather to a detail in machine building than to any novel and inventive idea peculiar to knitting machines, and that, if the claim could be sustained as valid, it was only by limiting it to the particular construction shown, and, so limited, was not infringed.

After giving careful consideration to the arguments and briefs of counsel and having made an extended examination of the state of the art as presented by the record, we are of the opinion that the court below was right in dismissing the bill, so far as concerns claims 29 to 32, and for the reasons stated in its opinion.

As to claim 36, we think it is anticipated by letters patent No. 508,965, granted to McMichael & Wildman, November 21, 1893. Every element embodied in this claim is disclosed in the McMichael & Wildman patent. It is true that the lifter in the latter machine is made integral with the fast ratchet pawl, while Wardwell's lifter is constructed as a separate part; but the claim is such that a lifter of either construction answers its requirements. If a lifter integral with the pawl would not answer the requirements of claim 29, that is unimportant, for claim 36 does not contain the long movement embodied in claim 29.

Regarding claim 36 as invalid, because of anticipation, we think the bill was properly dismissed as to this claim also.

The decree of the District Court is affirmed, with costs to the appellee.